## In re DOMINICI'S ESTATE.*

### KOHLER et al. v. ARNDT et al.

### Court of Appeal, Third District; July 23, 1906.

87 Pac. 389.

**Appeal — Exclusion of Evidence — Presumptions.—**Where the court reserved its ruling on testimony objected to, and the record is silent as to what the ruling was, it must be presumed that the court excluded it, and it cannot be considered on appeal.

**Wills—Construction—Devisees.—**Testator Gave His Property to his sister and his nephew, S., and "his sister, my niece," and on the

---

*Opinion vacated and rehearing granted by supreme court September 21, 1906. For subsequent opinion in supreme court, see 151 Cal. 181, 90 Pac. 448.

death of his sister added a codicil giving the share of his sister to "the other two residuary legatees therein named, S., and to his sister, my niece, whose name is Marie K., and whose residence is Salzwedel, Germany, share and share alike," and confirming his will save as it was inconsistent with his codicil. The evidence showed that S. had a sister living, but that her name was not Marie K., and that Marie K. was not his niece. Held, that the words referring to Marie K. were used to express the name and residence of testator's niece, and not having accomplished that, were to be disregarded as surplusage.

Will Contest — Compromise — Conclusiveness.—A person not a party to a will contest, nor to a compromise resulting therefrom, is not bound by it.

APPEAL from Superior Court, Stanislaus County; W. M. Conley, Judge.

Action by Marie Kohler and others against Christiane Arndt and others to determine the construction of the will of Joseph Dominici, deceased. From a judgment for defendant and an order denying their motion for a new trial, complainants and others appeal. Reversed.

W. H. Hatton and T. J. Maddux for appellant Kohler; W. O. Minor, J. M. Knox and Loewy & Gutsch for respondent Arndt.

BUCKLES, J.—This is an action to determine the proper construction of the last will and testament of Joseph Dominici. The appeal is by Marie Kohler and the heirs of William Dominici, deceased, and the heirs of Sophia Miller, deceased, from the judgment and from the order denying their motion for a new trial.

After making some specific devises, and appointing George W. Bates executor, the will provides: "Lastly, I give, bequeath and devise all the rest, residue and remainder of my property, real and personal, of whatsoever kind or character or wheresoever situated, share and share alike, unto my sister, Louise Jahnke, and unto my nephew Heinrich Schluther and his sister, my niece, all residing in Luckow, Hanover, Germany." This was dated November 22, 1897. On May 3, 1898, the following codicil was added, after recital of having made the will: "Now therefore I do make, publish and declare this to be a codicil to the same. I hereby ratify and confirm said will in every respect, save so far as any part thereof is inconsistent with this codicil. Whereas it has

come to my knowledge that my sister, Louise Jahnke, one of the residuary legatees therein named, is dead, I hereby give, bequeath and devise the share of my said estate in said will given, bequeathed and devised to my said sister to the other two residuary legatees therein named, Heinrich Schluther and to his sister, my niece, whose name is Marie Kohler, and whose residence is Salzwedel, Altmark, Germany, share and share alike.''

A contest of said will was filed by Sophia C. Ward, a daughter of Sophia Miller, a deceased sister of testator, and, as a result of said contest, the following stipulation in writing was entered into:

''It is hereby stipulated by and between the parties hereto that the contest of the probate of will heretobefore filed herein shall be dismissed, and that letters testamentary shall be issued to George W. Bates, the executor named in said will, and that the property of the said estate shall be distributed as follows, to wit: (1) The expenses of administration shall be paid. (2) There shall be distributed to Marie Kohler, the surviving legatee and devisee named in said will, one-half of the residue, less one hundred ($100.00) dollars. The remaining portion of said estate shall be distributed as follows: (a) The specific legacies of one hundred dollars each shall be paid to the daughter of Milton F. Dominici, and to the female children of E. B. Learch. (b) That part of said remaining portion of the said estate which, by the will, or the intestate law of California would have been distributed to Marie Kohler, which is by this stipulation waived by her, shall be divided among the heirs represented by the contestants of said will. (c) The remaining portion of the said estate shall be distributed according to the intestate laws of the state of California, save and except that no portion thereof shall be distributed to Marie Kohler, except the portion of said estate hereinbefore, by stipulation, agreed to be distributed to Marie Kohler, to wit, one-half, less one hundred dollars.

''W. H. HATTON,
''Attorney for Marie Kohler.
''L. J. MADDUX and
''L. W. FULKERTH,
''Attorneys for Contestants.
''L. L. DENNETT,
''Attorney for Petitioning Executor.''

There were filed three petitions for distribution. One by George W. Bates, the executor, and asks that the estate be distributed according to said stipulation. A petition for distribution by Christiane Arndt (formerly Christiane Schluther), the sister of Heinrich Schluther. This petition alleges the death of Heinrich Schluther. The petitioner is the only sister of Heinrich Schluther, and is the party named in said codicil as the sister of said Heinrich Schluther, and niece of deceased, and who, by mistake, deceased called "Marie Kohler," and by mistake stated to reside in Salz. wedel, Altmark, Germany. That it was the intention of de. ceased to name Christiane Arndt in the codicil as the name of the sister of Heinrich Schluther, and his intention to bequeath to her, and not to Marie Kohler, the bequest mentioned in said codicil as made to the sister of Heinrich Schluther. That by the last bequest in said will the testator intended to devise and bequeath the residue of his estate to said Louise Jahnke, Heinrich Schluther, and his sister, as a class, to wit, to his, testator's, sister, Louise Jahnke, and the two children of his sister, Marie Schluther (formerly Marie Dominici), now deceased. That it was the intention of testator in making the bequest in said codicil to devise and bequeath the share of his estate formerly devised and bequeathed to Louise Jahnke, to said Heinrich Schluther and to his sister, Christiane Arndt as a class, and that it was not the intention of the testator, either in the will or codicil, to give Marie Kohler anything, and that her name and place of residence, to wit, Salzwedel, Altmark, Germany, were inserted in said codicil by mistake and inadvertence. That this petitioner was not a party to the alleged compromise and settlement of contest. The third petition, that of Marie Kohler, after setting forth the jurisdictional facts, alleges that she is one of the residuary legatees mentioned in said will and codicil. That by mistake she is described as the sister of Heinrich Schluther, and that it was the intention of the testator to name the petitioner in said will and codicil as one of the residuary legatees, and that he so expressed his intention by expressly naming her and her residence. Acknowledges the compromise and claims the distributive share therein stated she should have.

The court found that the word "and" was inadvertently and unintentionally omitted before the words "my niece,

whose name is Marie Kohler,'' etc., in said codicil at the
time of the execution thereof. Inserting the word "and"
the devise in the codicil is made to read as follows, "to the
other two residuary legatees named, Heinrich Schluther and
to his sister 'and' to my niece whose name is Marie Koh-
ler.'' When the codicil was made, Heinrich Schluther was
living. The codicil itself recites that there were but two
residuary legatees after the death of the testator's sister,
Louise Jahnke, and the purpose of the codicil seems to have
been to dispose of the devise in the will to her. The insert-
ing by the court of the word "and" there would still appear
to be three residuary legatees. But in order to determine
the true meaning, in this instance, of the testator, the will
and the codicil must be read in the light of each other. The
gentleman, Mr. Dennett, who drew the will, testified that
Dominici did not remember the name of the niece, but was
to return with it at a later date and then the name was to
be inserted. The testator did return and gave the name
"Marie Kohler,'' and whose residence is "Salzwedel, Alt-
mark, Germany,'' and this Mr. Dennett supposed to be the
name and address of Heinrich Schluther's sister. It did not
occur to him that the testator had named in his will four
residuary legatees, nor that he was adding another when
the codicil was drawn. It seems to me the will provides but
three residuary legatees, to wit: Louise Jahnke, Heinrich
Schluther, and Heinrich Schluther's sister; "my niece'' is
but descriptive of "his sister," whose name was not then
remembered by testator. When he did remember the name
of this sister of Heinrich Schluther, as he doubtless sup-
posed he did, he returned and made the codicil. He had
then learned of the death of his sister, Louise Jahnke, and,
in addition to having the name of Heinrich Schluther's sis-
ter inserted, he desired also to dispose of the devise made
to his dead sister, and the scrivener, Mr. Dennett, proceeded
to write the codicil, and, in disposing of the dead sister's
devise, used the words "the other two residuary legatees,'' .
which of itself shows that there were but three residuary
legatees in the will, and, as Dennett understood the testator,
there would be but two residuary legatees in the codicil;
and this is borne out by the phraseology "to the other two
residuary legatees therein named, Heinrich Schluther and to
his sister, my niece, whose name is,'' meaning thereby the

sister of Heinrich Schluther. Now, let us see the probability of this having been the true intention of the testator. The testimony shows that he had been in correspondence with the Schluther family for years. He was a carpenter, and before leaving Germany, had helped to construct the house the Schluthers lived in, which had also been occupied by his parents. His son Solon had visited Germany and the Schluthers, and put in the most of his time with them, and they were his and his father's favorites. This son Solon had died after returning to this country, about November 13, 1897, a month before this will was made.

The testator had been heard to speak of this sister, Christiane Schluther, several times and had written her a letter, but was never heard to speak of Marie Kohler; and, when speaking of the Schluthers, it was always in terms of affection. To one witness, J. F. Beausange, in speaking of Christiane, he always spoke of her, not by name, but as Heinrich Schluther's sister. Maria Schluther was the mother of Christiane Arndt (Heinrich Schluther's sister), and during her lifetime the testator wrote to her once or twice a year. She died June 18, 1890, and after that he wrote one letter to Christiane, and had not written at all for the last few years. She had written one later to testator announcing the death of her mother, and probably another after the will was made announcing the death of his sister, Louise Jahnke. It appears also that the testator and his brother William, residing in La Grange, California, were not on good terms, and while the Schluthers were on friendly terms with Joseph, the testator, Marie Kohler was on friendly terms with William. The wife of the testator was the godmother of Christiane Arndt. On November 17, 1897, the testator wrote his sister, Louise Jahnke, and which was received after her death by Christiane Arndt, and is as follows:

"Dear Sister: Have not heard from you for a long time, sad news from me, Solon my last joy isn't any more. He died the 13th of this month. Requested me to send you all his last greeting. Write soon, also would like to hear from Henry Schluther and his sister."

The will was made November 22, 1897—five days later. There is no testimony indicating any further correspondence was received by testator from the Schluthers, though there was testimony showing that soon after Heinrich Schluther

was married in November, 1898, he wrote to testator. The testimony of Mr. Dennett, though not clear upon the subject, would indicate that the testator brought to him a letter from Marie Kohler when he came to have the codicil drawn. This is what Mr. Dennett said: "When Mr. Dominici came down he gave me instructions for the will, and I asked for the names and explained to him that the personal data would be sufficient if it was perfectly clear, but that the names would be better. Subsequently he came down and at that time he told me that he had received a letter from Germany giving them, and had ascertained that Louise Jahnke was dead. And he then gave me, in accordance with our previous understanding, the name which he wished to go in the will or in the codicil, and I understood that to be the name of Henry Schluther's sister. He never suggested to me that he wanted to change from Henry Schluther's sister to anyone else. The idea and desire was simply to make clear the provision of the will. . . . . I don't remember particularly what part the letter played in what took place, with the exception of the fact that my attention was called to the fact that he had such a letter."

These, then, are the facts relied upon to support the claim the testator intended .to and did make Christiane Arndt his third residuary legatee in his will, and did not intend by his codicil to make Marie Kohler a residuary legatee. There was some evidence that the testator had declared his intention of making the Schluther people his legatees, but this testimony was objected to and ruling reserved, and although the record is silent as to what the ruling was, it must be presumed the court excluded it when it came to consider the matter and render its decision, and, therefore, such evidence is not considered here: Civ. Code, secs. 1318, 1340. The evidence shows the intimacy of the testator with the Schluthers; that they were in his mind all the time, and that there was an absence of friendliness between himself and Marie Kohler and her parents; that just before making the codicil he had received a letter from Germany, whether from Christiane Arndt notifying him of the death of his sister Louise or from Marie Kohler, but probably from both. If from Marie, then, that is the only letter which appears to have been written by her to the testator. That there is a mistake in the codicil is patent on the face of it. The words in the will "to my sister

Louise Jahnke and unto my nephew Heinrich Schluther and his sister, my niece,'' indicate without any doubt or confusion that Louise Jahnke, Heinrich Schluther and Heinrich's sister, who was testator's niece, were the three persons and none others who were intended to be the residuary legatees. Now, when his sister dies or when he learns of her death he desires to dispose of the share she was to take and also to have the name of Heinrich's sister stated, and for these purposes, and for no other, makes the codicil. This view is borne out by the statement in the codicil—''to the other two residuary legatees therein named, Heinrich Schluther and to his sister,'' etc. Since it very clearly appears that the only intention of the testator in making the codicil, outside of disposing of his dead sister's share, was to have the name of Heinrich's sister, who was his niece, expressed, to show the names of all the persons who were his residuary legatees. Marie Kohler does not pretend to be Heinrich's sister, but there is no contention but what Christiane Arndt is his sister and the only sister living, the only other sister having died November 30, 1889, and of whose death the testator knew, as shown by his letter to Christiane written October 26, 1890. The sister of Heinrich was one of the residuary legatees in the will. The codicil says: ''I hereby ratify and confirm said will in every respect, save so far as any part thereof is inconsistent with this codicil,'' and the codicil still making her a residuary legatee, it seems to me there can be no question that in the connection in which they are used the words ''whose name is Marie Kohler and whose residence is Salzwedel, Altmark, Germany,'' were used to express the name and residence of Christiane Arndt, and as they do not accomplish that, are mere surplusage, which in the interpretation of the will and codicil are to be given no meaning at all. The testimony in the case and the wording of the will and of the codicil all show clearly that the inserting of the word ''and'' after ''my niece'' in the court's interpretation of the codicil, was unwarranted. Christiane Arndt was neither a party to the contest of the will nor to the compromise which resulted therefrom, and could not be bound by it. Marie Kohler, not being a legatee, cannot claim as such under the said compromise.

The order and decree of distribution and the order denying a new trial are reversed.

We concur: Chipman, P. J.; McLaughlin, J.

## On Rehearing.

BUCKLES, J.—This is a petition on the part of Marie Kohler for a rehearing. The petition contains nothing new The case was fully gone into at the hearing and thoroughly considered in writing the opinion. We are therefore unable to see any reason for granting a rehearing.

The petition is denied.

We concur: Chipman, P. J.; McLaughlin, J.